IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD L. STRUGGLES,

                    Plaintiff,

   v.                                                 ORDER

CAROLYN W. COLVIN,                         15-cv-366-jdp
  Acting Commissioner of Social Security,

                    Defendant.

---

Plaintiff Richard L. Struggles seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. Struggles's supporting brief sought an award of benefits or, in the alternative, remand for rehearing. Dkt. 15. The Commissioner of Social Security did not submit a brief in opposition. Rather, the Commissioner filed a motion to remand, citing the authority granted to district courts under sentence four of 42 U.S.C. § 405(g). Dkt. 16. The motion provided that:

> On remand, Plaintiff will be provided with the opportunity for a hearing and to submit additional evidence and arguments. Additionally, on remand, the ALJ will: (1) reassess Plaintiff's residual functional capacity; (2) reevaluate the medical opinion evidence; (3) if necessary, obtain supplemental evidence from a vocational expert; and (4) issue a new decision.

The court immediately granted the Commissioner's motion with an order including the quoted directions for remand, Dkt. 17, and entered judgment for Struggles. To the court's surprise, Struggles objected (by a phone call to the clerk's office) to what appeared to be his victory.

The court held a telephonic hearing on February 24, 2016, to determine the basis for Struggles's objection. Apparently, the parties had negotiated over a stipulated motion for remand, but could not reach agreement on the terms of the proposed order. Despite the lack of agreement, the Commissioner was unwilling to defend the ALJ's decision, and thus the unilateral request for remand.

Struggles's counsel (an accomplished disability attorney) feels that his client is disadvantaged by the order granting remand because it does not point out the ALJ's errors, which makes it less likely that he will prevail on remand. The court takes Stuggles's concern seriously: perhaps he would be better off if the court had decided all of the issues raised in his brief on the merits, or if the Commissioner was willing to concede more in a stipulated remand. But the remand order as proposed by the Commissioner, and entered by the court, allows Struggles to present any argument and evidence he wants on remand. Struggles did not contend that the court could not grant the Commissioner's motion for remand, which seems to be clearly within the Sentence four of § 405(g).

The court sees no reason to discourage the Commissioner from moving to remand cases that the Commissioner determines are not defensible. A stipulated motion for remand is preferable, but if the parties cannot agree on the term of a motion, a unilateral motion by the Commissioner will do the job. Struggles's request to rescind the remand order is DENIED and the case is REMANDED.

Entered February 26, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge